**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

SAN JUAN BASIN ROYALTY TRUST,

    Plaintiff,

v.                                                    Case No. CV 08-532 WJ/ACT

BURLINGTON RESOURCES OIL & GAS,
COMPANY, L.P.,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

THIS MATTER comes before the Court on Plaintiff's Motion to Remand (Doc. 11). Having considered the parties' briefs and the applicable law, the Court finds that Plaintiff's motion is well taken and shall be granted.

**INTRODUCTION**

On April 28, 2008, Plaintiff, San Juan Basin Royalty Trust (the Trust), filed a complaint against Defendant, Burlington Resources Oil & Gas Company, L.P. (Burlington), alleging breach of contract and of the covenant of good faith and fair dealing. This complaint was filed in the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico. On June 3, 2008 Burlington removed the case to the United States District Court for the District of New Mexico, alleging diversity of citizenship under 28 U.S.C. § 1332 as the basis for subject matter jurisdiction (Doc. 1).

Plaintiff now moves to remand the case to the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico. The Trust argues that Burlington's notice of removal fails to

establish diversity of citizenship for two reasons. First, the Trust contends that Burlington, a limited partnership, is considered a citizen of each and every state of which its partners are citizens. The Trust argues that, because Burlington's notice of removal did not establish the citizenship of its partners, Burlington has failed to meet its burden with respect to diversity of citizenship. Second, the Trust contends that its own citizenship should be that of its beneficiaries and not, as Burlington asserts in its notice of removal, that of the trustee, Compass Bank. While it is uncontested that Compass Bank is a citizen only of Alabama, the Trust alleges that it has beneficiaries in every state in the United States including the states of which Burlington is a citizen. Thus, if the Trust takes on the citizenship of its beneficiaries, complete diversity of citizenship is lacking and this Court must remand this case pursuant to 28 U.S.C. § 1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The Court will therefore proceed to examine the citizenship for diversity purposes of both parties.

## DISCUSSION

**I. Citizenship of Burlington**

In its notice of removal, Burlington, a limited partnership, alleges that it is a citizen of Delaware and Texas on the grounds that "Burlington is a Delaware limited partnership with its principal place of business in Texas." However, in asserting that it is a citizen of the state of its organization and of the state in which it has its principle place of business, Burlington appears to have been applying the rule governing the citizenship of a corporation, see Navarro Savings & Loan Ass'n v. Lee, 446 U.S. 458, 461 n.7 (1980), a rule that simply does not apply to unincorporated entities. See, e.g., Carden v. Arkoma Assocs., 494 U.S. 185, 189 (1990)("While

the rule regarding the treatment of corporations as 'citizens' has become firmly established, we have . . . just as firmly resisted extending that treatment to other entities."); Navarro, 446 U.S. at 461 ("Although corporations suing in diversity long have been 'deemed' citizens, unincorporated associations remain mere collections of individuals.").

In fact, Burlington's citizenship is governed by Carden, 494 U.S. 185, a Supreme Court opinion that specifically dealt with the question of the citizenship of a limited partnership. The Carden Court "reject[ed] the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members," 494 U.S. at 195, and held that a limited partnership takes on the citizenship of all its partners, both general and limited. See id. at 192. The Trust contends that, because Burlington's notice of removal failed to identify any of its general or limited partners or to provide allegation or proof concerning the citizenship of those various partners, Burlington has failed to carry its burden of proof with respect to diversity.

Burlington does not contest that it takes on the citizenship of each of its general and limited partners. See Deft. Reply Brf. at 3. Instead, Burlington attaches to its brief a sworn affidavit from Janice M. Cooke, Corporate Legal Specialist for ConocoPhillips Company, Burlington's parent company. Deft. Reply Brf. Exhbt. A. In this affidavit, Ms. Cooke asserts that Burlington has only one general partner and only one limited partner, and that these are both Delaware corporations with their principle place of business in Texas. See id. at 2. Burlington therefore renews its contention that it is a citizen of Delaware and of Texas.

Under normal circumstances, Burlington would be allowed to amend its notice of removal to properly allege its citizenship. See 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); Penteco Corp. Ltd.

P'ship-1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1523 (10th Cir. 1991)("If proper, amendment of Penteco's complaint to reflect or preserve diversity should be permitted."). However, it has long been held that leave to amend may be denied when amendment would be futile. See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962)(listing futility of amendment as one of several appropriate reasons for refusing leave to amend); Ketchum v. Kruz, 961 F.2d 916, 920-21 (10th Cir. 1992)(upholding denial of litigant's request to amend complaint based on futility). As discussed below, in this case the Court finds that the citizenship of the Trust's beneficiaries must be taken into account for purposes of determining whether diversity jurisdiction exists, and that the Trust has beneficiaries in every state. Therefore, there can be no complete diversity even if Burlington's notice of removal is amended to properly allege its citizenship. Burlington's request to amend its notice of removal is accordingly denied as futile.

## II. Citizenship of San Juan Basin Royalty Trust

### A) The Governing Law

The parties disagree strenuously about how the Trust's citizenship is to be determined. Burlington argues that the rule for determining the citizenship of the Trust for diversity purposes should come from the Supreme Court's decision in Navarro Savings & Loan Ass'n v. Lee, 446 U.S. 458 (1980). Navarro involved a suit brought in federal court by eight individual trustees of a business trust organized under Massachusetts law, with federal jurisdiction based on diversity of citizenship. Id. at 459. The issue before the Supreme Court on certiorari was "whether the trustees of a business trust may invoke the diversity jurisdiction of the federal courts on the basis of their own citizenship rather than that of the trust's beneficial shareholders." Id. at 458. The Court explained that this was, at heart, a question about whether the trustees were real parties to the controversy. Id. at 462. Noting that the trustees held legal title, managed assets, and

controlled litigation, the Court held that the trustees were real parties to the controversy who could "sue in their own right without regard to the citizenship of the trust beneficiaries." Id. at 464-66.

The Tenth Circuit addressed the issue of the citizenship of a trust for purposes of diversity jurisdiction in Lenon v. St. Paul Mercury Insurance Co., 136 F.3d 1365 (10th Cir. 1998), and reached a similar conclusion. In Lenon, the plaintiffs were the trustees of four multiemployer welfare and pension benefit plans as defined by the Employee Retirement Income Security Act (ERISA). Id. at 1367-68. The Lenon Court focused on the fact that, "[a]s in Navarro, the trustees brought suit in their own name in their capacities as trustees of an express trust." Id. at 1370. The Court accordingly held that Navarro was controlling and that the district court was correct in looking to the citizenship of the trustees for diversity purposes. Id. at 1371.

Burlington argues that Navarro and Lenon require this Court to look only to the citizenship of the trustees in determining the citizenship of the Trust for diversity purposes. However, as the Trust points out, there is a key distinction between the instant case and the cases on which Burlington relies. While both Navarro and Lenon involved suits brought by individual trustees, the instant suit was brought by the trust in its own name. The Supreme Court and various circuit courts, including the Tenth, have recognized the importance of this distinction. In Carden v. Arkoma Associates, 494 U.S. 185 (1990), the Supreme Court addressed the issue of whether, in determining the citizenship of a limited partnership for diversity purposes, the citizenship of the limited partners must be taken into account. The Court answered in the affirmative, holding that diversity jurisdiction in a suit by or against an artificial entity depends

5

on the citizenship of "all the members." Id. at 195-96. Carden did not involve a trust,[1] but Justice Scalia's opinion in Carden nevertheless discussed and emphatically rejected the possible applicability of Navarro. See id. at 191. Justice Scalia explained that "Navarro had nothing to do with the citizenship of the 'trust,' since it was a suit by the trustees in their own names." Id. at 192-93.

The Tenth Circuit's opinion in Lenon, on which Burlington relies so heavily, likewise made it clear that whether the suit was brought in the name of the trust itself or in the names of individual trustees was a crucial distinction. The parties in Lenon presented arguments very similar to those before the Court in the instant case. The individual trustees, seeking to invoke diversity jurisdiction, argued that Navarro was controlling and that only the trustee's citizenship should be considered. See Lenon, 136 F.3d at 1369. The defendant, on the other hand, argued that the Carden rule should apply and that all of the "entity's" members or shareholders must be considered. Id. at 1371. In finding in favor of the trustees, the Lenon court distinguished cases on which the defendant relied exactly because they were cases in which the trusts themselves were the named plaintiffs, while Lenon involved a suit brought by individual trustees in their own names. See id. at 1370. The court explained that "the plaintiffs in [those] two cases were the

---

[1] There is certainly a question about whether the rule set out in Carden, which deals with the citizenship of artificial entities, governs when the entity is a trust. As the Third Circuit pointed out in Emerald Investors Trust v. Gaunt Parsippany Partners,"[t]he concern with respect to *Carden* is raised by treating that case as applying to a trust. In this regard we point out that, so far as we are aware, historically the term 'members' has not been applied in the context of a trust."492 F.3d 192, 203 (3rd Cir. 2007). Nonetheless, in its next sentence the Emerald Court proceeded to apply the Carden rule to a trust. Id. ("[A]pplying Carden to a trust, as we shall explain below we do not see why a trust's 'members' include only its beneficiary and not its trustee."). The Court seemed to reason that, in the face of uncertainty, the best approach was to avoid any potential conflict with Carden by holding that a trust's 'members' included both its beneficiary and its trustee. See id. at 205. This way, the Court explained, its decision could not possibly be considered inconsistent with Carden since it was "not concluding that a court may 'consult the citizenship of less than all of the entity's members' in a citizenship determination." Id.. As explained below, the Eleventh Circuit in Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334 (2002), also found Carden to be controlling with respect to the citizenship of a trust.

ERISA plans themselves, not the trustees. Because these cases failed to address the diversity issue under Navarro where the trustees bring suit in their own name on behalf of the ERISA plans, we decline to follow them." Id. The court was explicit about the fact that its decision turned, at least in part, on who was the named plaintiff: "Were the ERISA plans here the named plaintiffs, [the Defendant's] reliance on Carden might be justified. That is not the situation." Id. at 1371.

Other circuits that have also found this distinction to be important. In Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192 (3d Cir. 2007), the Third Circuit was called upon to determine whether diversity jurisdiction existed where, as here, a trust sued in its own name. The Emerald court undertook a careful analysis of the applicability of both Navarro and Carden to this scenario, and concluded that the citizenship of both the trustee and the beneficiary should be considered in making the diversity determination. Id. at 205. In reaching this result, the court focused on the fact that in Navarro the plaintiffs were individual trustees suing in their own names, whereas in Emerald the trust itself was a named party. The court reasoned that this distinction meant the two cases presented fundamentally different questions. The question in Navarro, the court explained, "was whether trustees of a business trust may invoke the diversity jurisdiction of the federal courts on the basis of their own citizenship, rather than that of the trust's beneficial shareholders," Emerald, 492 F.3d at 201 (internal quotations and citations omitted), whereas "in this case, the question is what is the citizenship of an entity when the entity itself is a party to the action." Id. For this reason, in the Third Circuit's view, "Navarro simply does not say that the citizenship of a trustee determines the citizenship of a trust." Id.

Similarly, the Eleventh Circuit held in Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., that, in a case where a business trust sued in its own name, it "should be deemed, for

7

diversity purposes, a citizen of each state in which it has a beneficial shareholder." 292 F.3d 1334, 1337 (2002). The Riley court left no question that it considered Carden to be controlling on this issue, stating that, "Carden made clear that the incorporated/unincorporated distinction applies to Massachusetts business trusts, requiring their citizenship to be determined on the basis of the citizenship of their shareholders." Id. at 1338. In the next sentence, the Riley court distinguished Navarro, explaining that "Navarro was a case involving a Massachusetts business trust that had brought a lawsuit in the names of eight individual trustees, but *not* in the names of the trust itself or its shareholders." Id. (emphasis in original).

**B) Burlington's Circuit Split Argument**

Burlington argues that there is a circuit split on the issue of how a trust's citizenship for diversity purposes is to be determined when suit is brought in the name of the trust itself, and that the Trust has presented only one side of that split. However, in most of the cases Burlington cites in support of this proposition, a trust was not a named party and the citizenship of a trust for purposes of diversity was not directly at issue. For example, Burlington cites Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894 (9th Cir. 2006), in which the Ninth Circuit considered the citizenship of a Limited Liability Company (LLC), and held that an LLC is a citizen of every state of which its members are citizens. Because one of the relevant LLC's members was a trust, the Johnson court addressed the citizenship of the trust. The court resolved the issue by stating that "[a] trust has the citizenship of its trustee or trustees," and providing a single citation to Navarro. Id. at 899.

Burlington also cites Indiana Gas Co. v. Home Insurance Co., 141 F.3d 314 (7th Cir. 1998), in which the Seventh Circuit addressed the question of the citizenship of insurance underwriting syndicates at Lloyd's of London. The court in Indiana Gas ultimately applied a

8

Carden-like rule, holding that the syndicate should be treated like a partnership and given the citizenship of each one of its members or "Names." Id. at 319. The court rejected the insurance underwriter's argument that it should be treated like a trust, but in doing so it stated briefly that "[t]rusts take the citizenship of the trustees rather than of the beneficiaries," and cited Navarro. Id. at 318.

In E.R. Squibb & Sons, Inc. v. Accident & Casualty Insurance Co., 160 F.3d 925 (2d Cir. 1998), also cited by Burlington, the Second Circuit was similarly called upon to resolve the question of the citizenship of insurance underwriting syndicates at Lloyd's of London. Citing the Seventh Circuit's decision in Indiana Gas, the court in E.R. Squibb rejected the argument that the syndicate should be treated like a trust. Id. at 931. Like the Seventh Circuit, the Second Circuit made a passing reference to the citizenship of trusts, "as to which the Supreme Court has deemed the citizenship of trustees to be determinative," and cited Navarro. Id.

The only case Burlington cites that is directly on point is May Department Stores Co. v. Federal Insurance Co., 305 F.3d 597 (7th Cir. 2002). In that case one of the named plaintiffs was a pension plan governed by ERISA. In resolving the jurisdictional issue, raised by the court *sua sponte*, see id. at 598, the Seventh Circuit simply stated that "[t]he May plan is a trust, and for diversity purposes a trust is a citizen of whatever state the trustee is a citizen of," and provided a single citation to Navarro. Id. at 599. The court then proceeded to address the real point of contention between the parties on the issue of jurisdiction, which was who the trustee ought to be. See id. The court did not explicitly base its decision on the fact that the trust itself was a named plaintiff or consider the potential implications of Carden. Thus, May's treatment of the question of the trust's citizenship, like the other cases cited by Burlington, was fairly minimal. The persuasive value of the precedent cited by Burlington is therefore limited. This is especially

true in light of the language in the Tenth Circuit's opinion in <u>Lenon</u>, 136 F.3d 1365, which suggests strongly that the Tenth Circuit would be inclined to reach the opposite conclusion.

**C) The Real Party in Interest Test and Rule 17(a)**

As an alternative basis for finding that the Trust takes on the citizenship of its trustee, Burlington argues that the trustee is the "real party in interest." The Supreme Court in <u>Carden</u>, however, clearly indicated that the real party to the controversy test generally will be applied when the question is which of various parties before a court should be considered for purposes of determining whether there is complete diversity of citizenship and not, as here, when the question is how the citizenship of a single artificial entity before a court is to be determined. <u>Carden</u>, 494 U.S. at 187 n.1 ("The question presented today is not which of various parties before the Court should be considered for purposes of determining whether there is complete diversity of citizenship, a question that will generally be answered by application of the "real party to the controversy" test . . . . [W]hat we must decide is the quite different question of how the citizenship of that single artificial entity is to be determined . . ."). See also <u>Emerald</u>, 492 F.3d at 199 n.10 (refusing to apply a real party to the controversy test because it had been rejected by the Supreme Court in <u>Carden</u>).

Burlington makes a related argument based on Federal Rule of Civil Procedure 17(a), which requires that an "action must be prosecuted in the name of the real party in interest." Rule 17(a)(3) lists a trustee of an express trust as one of the enumerated parties who "may sue in their own names without joining the person for whose benefit the action is brought." Burlington urges that these two provisions together mean that the suit must be brought in the name of the trustee. The Third Circuit addressed and unequivocally rejected a similar argument in <u>Emerald</u>. 492 F.3d at 199 n.10 ("Defendants also make the argument related to their real party in interest contention

that Emerald Trust could not bring this action in its own name as a traditional express trust is not recognized as a separate entity with capacity to sue or be sued in its own name . . . . We reject this argument.")(internal quotations omitted). The Court explained that, "[w]hile it is true that Rule 17(a) indicates that a trustee of an express trust 'may' sue in its own name without joining the trust as a plaintiff, the rule does not require that he do so and does not provide that an express trust cannot sue in its own name." Id. This Court adopts the Third Circuit's reasoning and finds that the real party in interest test and Rule 17(a) do not require that the suit be brought in the name of the trustee or that the trust's citizenship be determined by that of the trustee. While this suit in all likelihood could properly have been brought in the name of the trustee, the Court sees no reason why it was not equally proper to bring suit in the name of the trust itself.

## CONCLUSION

The Court concludes that the Navarro holding that a trust takes on the citizenship only of its trustees is not controlling. The Navarro Court did not consider the scenario presented in this case, in which a suit is brought by the trust in its own name as opposed to by the trustees in their individual capacities. When suit is brought by a trust in its own name, the Court finds that the trust takes on the citizenship of its beneficiaries. To the extent that there is a circuit split on this issue, the Court believes that the Tenth Circuit's decision in Lenon provides clear guidance as to which way the Tenth Circuit would come down. Finally, neither a real party in interest test nor Federal Rule of Civil Procedure 17(a) operate in this case to require that the suit be brought in the names of the individual trustees or that the citizenship of the trust be determined by the citizenship of the trustees alone. Once the citizenship of the Trust's beneficiaries is taken into account, complete diversity of citizenship is lacking because the Trust has beneficiaries in every American State.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand is granted and that

this case is remanded to the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico.

**IT IS FURTHER ORDERED** that, in light of this Order, Defendant's Amended Motion to Change Venue to the United States District Court, Southern District of Texas (Doc. 5) is DENIED as moot.

                                                  _____
                                                  UNITED STATES DISTRICT JUDGE